SMrm, J.
Plaintiff, Papa Gino’s, Inc. (“Papa Gino’s”), moves that a real estate attachment in the amount of $2,450,000 be approved against the defendant, Assembly Square Mall, LLC. As grounds for this attachment, Papa Gino’s claims it is likely to prevail on the merits of its claims and that Assembly Square Mall, LLC, is a single asset entity that may not have sufficient assets to pay a judgment against it. Papa Gino’s also asks that the court enter an order allowing Papa Gino’s to pay its rent into escrow until this dispute is resolved.
For the reasons outlined below, the motion for attachment and the request for a rent escrow order shall be DENIED.
A party is entitled to an attachment where there is a “reasonable likelihood that [it] will recover judgment, including interest and costs, in an amount equal or greater than the amount of the attachment over and above any liability insurance shown by the defendant to be available to satisfy the judgment." Mass.R.Civ.P. 4.1(c).
The defendant filed in court on the day of the hearing for this motion an affidavit of John J. O’Neil, III, stating that Assembly Square Limited Partnership (“ASLP”) purchased the Assembly Square Mall on October 2, 1998 with “significant equity investment” and has a “committed, multimillion dollar loan in place to assist in the refurbishing, remodeling and upgrading of the Mall.” Affidavit of John H. O’Neil, III, para. 3, 5. Unless Papa Gino’s comes forth with evidence that ASLP lacks sufficient assets to satisfy a judgment against it on Papa Gino’s claims, the court will not presume such is the case.
Moreover, ASLP argues that the damages should be calculated up to the date of sale, October 2, 1998, as the claims are based on the alleged actions and inac *274 tions of Assembly Square Mall, LLP, while it was the owner of the Assembly Square Mall. Based on Papa Gino’s figures, damages predating the sale amount to $320,000, a fraction of the $2,400,000 figure representing alleged past and future damages. The defendant’s affiant has stated that the new owners intend to revitalize the Mall, thus making it reasonable to believe that refurbishment and renovation may indeed reverse the economic downturn Papa Gino’s has suffered. Consequently, Papa Gino’s fails to accomplish the more difficult task of showing this court that the defendant lacks assets sufficient to cover a potentially far smaller judgment than Papa Gino’s alleges.
Finally, even if the court were to find that ASLP lacks sufficient assets to satisfy a judgment on Papa Gino’s claims, Papa Gino’s fails to establish by a reasonable likelihood that it will succeed on the merits. Papa Gino’s claims all rely on the assertion that Assembly Square Mall, LLC, and now ASLP as its successor in interest, owed it a duty of continuous operation of the Mall such that it should have found a replacement anchor tenant for one that left and should have found new tenants for other smaller departing tenants. Papa Gino’s argues that Massachusetts law recognizes an implied covenant of continuous operation and that the facts here warrant finding such a covenant. In the context of a lease in which rent includes a fixed amount and a percentage of sales, the Supreme Judicial Court held open the possibility of an implied covenant of continuous operation where circumstances justify the conclusion that the parties to a lease intended that the lessors have the benefit of the percentage rent throughout the term, thereby barring termination of operations by the lessee. Stop & Shop, Inc. v. Ganem, 347 Mass. 697, 702 (1964). However, this court is aware of no reported case in Massachusetts that finds such a covenant.
As to applying the facts here to Stop & Shop’s theory, the defendant cites an instructive case in which a small shopping center tenant sued the shopping center owner for breach of contract on the grounds that the departure of two anchor stores caused its business to decline. Here, the court held that absent contractual language regarding continued operation of anchor stores and the general volume of business or occupancy level, and given the lack of any evidence that during negotiations the tenant inquired about the anchor stores’ lease duration, the “basic assumption” of the parties was the continued operation of the plaintiffs shopping center, not a continued presence of two anchor stores. Iodice v. Bradco Cleaners, Inc., 1993 Mass.App.Div. 54.
Papa Gino’s lease contains no explicit language to support a claim that both parties intended that the Mall owner maintain the general economic viability of the Mall. Papa Gino’s cites lease clauses that require Papa Gino’s to operate “continuously and uninterruptedly” (Lease §15.2), provide that Papa Gino’s has the right to “peaceful and quietly hold and enjoy the Leased Premises . . . without hindrance or interruption by [the owner]” (Lease §16.2), require Papa Gino’s to cooperate in a joint opening of the shopping center (Lease §3.1 (b)), provide for a rent increase in the event of a third retail department store entering the Mall (Lease §5. 1), and provide that minor modifications from the owner’s building plan would not violate the lease, as support for an implied covenant of continued operation. Given that courts are reluctant to find an implied covenant under the best of circumstances, it is not likely that this language would give rise to an implied understanding that the Mall owners had a duly to provide for the continued operation of the Mall as it was when the parties entered into this lease. The defendant notes that the Mall never ceased operations and that it now has a new owner with financing sufficient to revive the enterprise. For these reasons, it is not likely that Papa Gino’s will prevail on the merits of its claims.
Papa Gino’s argues for the creation of a rent escrow account to prevent the defendant from further injuring Papa Gino’s. However, because Papa Gino’s fails to meet its burden to demonstrate a likelihood of success on its claim that Assembly Square Mall violated its covenant of continuous operation, there is no justification for a rent escrow order.
ORDER
For the foregoing reasons, Papa Gino’s motion for attachment and a rent escrow account is DENIED.